1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

# FOR THE EASTERN DISTRICT OF CALIFORNIA

7

| | | |
|---|---|---|
| JONATHAN SORRELL, | ) | 1: 09-cv-1465 AWI-GSA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEL-TEC CNC INDUSTRIES, INC., | ) | ORDER GRANTING MOTION TO COMPEL IN PART |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | (Document 18) |

8
9
10
11
12
13
14
15

16 **I. INTRODUCTION**

17    On March 22, 2010, Defendant, Kel-Tec CNC Industries, Inc., (hereinafter "Kel-Tec" or

18 "Defendant") filed a Motion to Compel based on Plaintiff's, Jonathan Sorrell's, (hereinafter,

19 "Plaintiff") lack of compliance with discovery requests including Plaintiff's complete failure to

20 provide intial disclosures, as well as a Plaintiff's complete failure to provide responses to

21 Interrogatories and a Request for Production of Documents. (Doc. 18).   Plaintiff did not file an

22 opposition to the motion.

23    The matter was set for hearing on April 9, 2010 at 9:30 am.[1]  Based on a review of the

24 pleadings, the Court determined that the matter was suitable for decision without oral argument

25

26    [1] Pursuant to Local Rule 251(e) when there has been a complete and total failure to respond to a discovery

27 request or order, the aggrieved party may bring a motion for relief withing fourteen (14) days notice. The responding party shall file a response to the motion not later than seven (7) days before the hearing date. The moving party may

28 file and serve a reply thereto not less than two (2) court days before the hearing date.  Accordingly, Defendant's motion was properly noticed.

1   pursuant to Local Rule 230(c) and (g) and the hearing was vacated.  Upon consideration of the

2   pleadings, Defendant's Motion to Compel is GRANTED IN PART.

3   **II.   RELEVANT PROCEDURAL HISTORY**

4          On November 26, 2008, Plaintiff filed this action against Defendant in the Fresno County

5   Superior Court of California (Case No. 08CECG04151).  Defendant removed this action pursuant

6   to 28 U.S.C. § 1446(b) on August 20, 2009.[2]  In the complaint, Plaintiff alleges that on or about

7   November 25, 2007, he was using a Kel-Tec SU-16 rifle when it catastrophically failed.  Plaintiff

8   claims that this rifle is defective and he has asserted strict liability, negligence, and breach of

9   express and implied warranty causes of action against Defendant.  Plaintiff is seeking

10  compensatory damages for his alleged injuries.

11         On November, 13, 2009, this Court issued a scheduling order requiring that the parties

12  exchange initial disclosures by December 21, 2009.  (Doc. 17).  The Court also set the non-expert

13  discovery deadline for August 6, 2010.  Plaintiff filed the instant Motion to Compel on March 22,

14  2010, so the motion is timely filed.

15  **III.   THE MOTION TO COMPEL**

16                    *A.    The Requested Discovery*

17         Defendant contends that Plaintiff has not served his initial disclosures despite repeated

18  attempts on January 7, January 27, and March 3, 2010, to meet and confer with the Plaintiff to

19  obtain the information.  Declaration of John Tartaglia III, Esq. ("Tartaglia Decl.) dated March 22,

20  2010 at ¶¶ 1-6, 11-12 and attached Exhibits A, B and C. (Doc. 19 (1) -(4)).  Moreover, on

21  November 23, 2009, Defendant served two discovery requests on Plaintiff including: 1)

22  Defendant's First Set of Interrogatories, and 2) Defendant's First Request for Production of

23  Documents.  Exhibits D and E attached to Tartaglia Decl. (Doc. 19 (5) and (6)). The responses to

24  the discovery were initially due on December 23, 2009.  However, the parties stipulated that

25  Plaintiff's response to the Interrogatories and Request for Production of Documents would be due

26  on January 27, 2010.  Exhibit F attached to Tartaglia Decl. (Doc. 19 (7)).  Despite this extension,

27

28          [2] In the Notice of Removal Defendant asserts that it was not served with the complaint until July 22, 2009.
    (Doc. 3).  Plaintiff has not contested the removal of this action to this Court.

1  Plaintiff failed to provide any responses to the discovery by January 27, 2010. Tartaglia Decl. at ¶
2  10.

3       Defendant contends that several messages were left with Plaintiff's counsel prior to March
4  3, 2010.  Defendant further asserts that when he spoke with Plaintiff's counsel on March 3, 2010,
5  he was advised that Plaintiff's counsel only had initial draft responses to Defendant's discovery
6  and responsive information still needed to be inserted.  Tartaglia Decl. at ¶ 11.  After the March 3,
7  2010 telephonic meet and confer session, Defendant's counsel advised Plaintiff's counsel that if
8  full and complete responses to Defendant's discovery were not received by March 10, 2010,
9  Defendant would file a motion to compel. Tartaglia Decl. at ¶ 11.  Defendant contends that no
10  discovery responses were received and the instant motion was filed. Tartaglia Decl. at ¶ 12.

11                              *B.*     *Remedies requested:*

12        Kel-Tec requests the following remedies:

13
14  1.   An order precluding Plaintiff from introducing any evidence, information or
          witnesses at trial that Plaintiff failed to disclose in his initial disclosures, or
15        alternatively, that Plaintiff provide full and complete Rule 26(a)(1) disclosures;

16  2.   An order precluding Plaintiff from offering any evidence, information or
          documents sought by the written discovery requests, or alternatively, that Plaintiff
17        provide full and complete responses without any objections; and

18  2.   Monetary sanctions requiring Plaintiff to pay reasonable expenses incurred in
          bringing the Motion to Compel in the amount of $2,145.00.

19  **IV.   ANALYSIS & DISCUSSION**

20                          **Scope Of Discovery**

21  F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

22        Parties may obtain discovery regarding any matter, not privileged, that is
          relevant to the claim or defense of any party, including the existence, description,
23        nature, custody, condition, and location of any books, documents, or other tangible
          things and the identity and location of persons having knowledge of any
24        discoverable matter.  For good cause, the court may order discovery of any matter
          relevant to the subject matter involved in the action.  Relevant information need
25        not be admissible at trial if the discovery appears reasonably calculated to lead to
          the discovery of admissible evidence.

26  "The party who resists discovery has the burden to show that discovery should not be
27  allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v.*
28

                                        3

1   *Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna*

2   *Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

3        Here, Plaintiff was served various forms of discovery including Interrogatories and a

4   Request for the Production of Documents which are authorized by the Federal Rules of Civil

5   Procedure.  Defendant indicates that Plaintiff did not provide any responses to the discovery

6   requests.  Moreover, Plaintiff has not provided any initial disclosures pursuant to the this Court's

7   scheduling order.

8                              **Discovery Sanctions**

9        Fed. R. Civ. P 26(a)(1)(A)(i)-(iv) requires parties to provide certain information

10   concerning litigation. Fed. R. Civ. P 26(a)(1)(A)(i)-(iv).  Moreover,  Fed. R. Civ. P. 33(b)(1)(B)

11   requires that unless otherwise agreed upon, the responding party must serve its answers and any

12   objections to interrogatories within thirty days after being served.  Additionally, Fed. R. Civ. P.

13   33(b)(3) and (5) requires that each interrogatory, "to the extent it is not objected to, be answered

14   separately and fully in writing and under oath" and signed by the answering party.  Any untimely

15   objection to the interrogatory is waived unless the court excuses the failure for good cause.  Fed.

16   R. Civ. P. 33(b)(4).  Finally,  Fed. R. Civ. P. 34(b)(2)(B) requires parties answering requests for

17   production of documents "either state that inspection and related activities will be permitted as

18   requested or state an objection to the request, including the reasons" in each response.

19        If a party fails to respond to discovery, sanctions may be imposed even in the absence of a

20   prior court order.   Fed.R.Civ. P. 37(d).  "If a party fails to provide information or identify a witness

21   as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

22   evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was

23   harmless." Fed. R. Civ. P. 37(c)(1).  In addition to or instead of this sanction, the court, may award

24   reasonable expenses, including attorney's fees, may inform the jury of the failure, and may impose

25   other appropriate sanctions including those listed in Rule 37(b)(2)(A)(i)-(iv).  Fed. R. Civ. P.

26   37(c)(1)(A)-(C).  Furthermore, the court on motion may order sanctions "[i]f a party, after being

27   properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to

28   serve its answers, objections or written response."  Fed. R. Civ. P. 37(d)(1)(A)(ii).  "A failure

described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R.Civ.P. 37(d)(2).

For a party's failure to respond to discovery, Rule 37(d) authorizes the Court to take action including:

1. Designating facts as established;
2. Refusing to allow the disobedient party to support or oppose designated claims or defenses;
3. Prohibiting the disobedient party from introducing designated matters in evidence;
4. Striking pleadings or parts thereof;
5. Staying further proceedings until an order is obeyed;
6. Dismissing an action, proceeding or any part thereof; or
7. Rendering a default judgment against the disobedient party; or
8. Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
Fed.R.Civ.P. 37(d) (cross referencing sanctions identified in Rule 37(b)(2) (A))

In lieu of any such order, or in addition thereto, the Court "must require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *See also*, Fed. R. Civ. P. 37(5)(A) (i-iii). An award of expenses does not require a showing of wilfulness or improper intent; rather the standard is whether there was a substantial justification for the losing party's conduct. Id. Even without a prior discovery order, discovery misconduct may be punished under the Court's "inherent powers" to manage its affairs. *Uniguard Security Ins. Co. v. Lakwork Eng. Mfg Corp., 982 F.2d 363, 368 (9th Cir. 1992)*.

Here, Plaintiff did not provide his initial disclosures, or any responses to the Interrogatories or the Request for Production of Documents despite Defendant's numerous attempts to meet and confer. Moreover, Plaintiff has not filed an opposition to this motion indicating his non-compliance was substantially justified. Although Defendant has requested an order excluding any evidence at trial stemming from the discovery requests, the Court finds this sanction too harsh. Moreover, the admissibility of evidence is a decision that is within the discretion of the trial judge and will be made at the time of trial. However, the Court will grant Defendant's alternative

1  request that Plaintiff serve his initial disclosures, as well as the responses to the Defendant's First

2  Interrogatory and First Request for Production of Documents.

3       Defendant has also requested sanctions in the amount of $ 2,145.00.  In support of the

4  request, Plaintiff's counsel indicated that the firm spent a total of ten hours to prepare this motion

5  at a rate of $165.00.  Defendant also anticipated spending three additional hours filing a reply to

6  any opposition.  The Court finds that the number of hours and the billing rate is reasonable.

7  However, since an opposition was not filed, no reply was required and the amount requested will

8  be reduced accordingly.  Therefore, Defendant will be awarded $ 1,650.00 in attorney fees.

9  **V.**   **CONCLUSION**

10       Based on the above, Defendant's Motion to Compel filed on March 22, 2010 is

11  GRANTED IN PART:

12      1.   Plaintiff is ORDERED to serve his initial disclosures on Defendant within ten (10)

13          days after service of this order;

14      2.   Plaintiff is ORDERED to serve written responses to Defendant's First Set of

15          Interrogatories and Defendant's First Request for Production of Documents within

16          ten (10) days after service of this order.  Objections to the Interrogatories and the

17          Request for Production of Documents are deemed waived;

18      3.   Plaintiff is ORDERED to pay Defendant a total of $1,650.00 within thirty (30)

19          days after service of this order; and

20      4.   Failure to comply with this order may result in the imposition of additional

21          sanctions including, but not limited to, additional monetary sanctions, and/or the

22          exclusion of evidence at the time of trial.

23

24

25      IT IS SO ORDERED.

26    **Dated:**   **April 9, 2010**               **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

27

28