1
2
3
4

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SORRELL, | 1: 09-cv-1465 AWI-GSA |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |
| v. | |
| KEL-TEC CNC INDUSTRIES, INC., | |
| Defendant. | (Document 34) |

## I.    INTRODUCTION

On March 31, 2011, Defendant, Kel-Tec CNC Industries, Inc. (hereinafter "Kel-Tec" or "Defendant") filed a Motion to Compel based on Plaintiff's, Jonathan Sorrell's, (hereinafter "Plaintiff") lack of compliance with discovery requests.  (Doc. 34).  The matter was set for hearing on April 22, 2011 at 9:30 am.  Based on a review of the pleadings, the Court determined that the matter was suitable for decision without oral argument and the hearing was vacated. (Doc. 38).  Upon consideration of the pleadings, Defendant's Motion to Compel is GRANTED.

## II.    RELEVANT PROCEDURAL HISTORY

On November 26, 2008, Plaintiff filed this action against Defendant in the Fresno County Superior Court of California (Case No. 08CECG04151).  Defendant removed this action pursuant to 28 U.S.C. § 1446(b) on August 20, 2009.[1]  In the complaint, Plaintiff alleges that on or about

---

[1] In the Notice of Removal Defendant asserts that it was not served with the complaint until July 22, 2009. (Doc. 3).  Plaintiff has not contested the removal of this action to this Court.

1   November 25, 2007, he was using a Kel-Tec SU-16 rifle when it catastrophically failed.  Plaintiff

2   claims that this rifle is defective and he has asserted strict liability, negligence, and breach of

3   express and implied warranty causes of action against Defendant.  Plaintiff is seeking

4   compensatory damages for his alleged injuries.

5          On December17, 2010, this Court issued a second scheduling order setting the non-expert

6   discovery deadline for March 31, 2011, and requiring that any motions to compel non-expert

7   discovery be filed by that same day.  Defendant filed the instant Motion to Compel on March 31,

8   2011, so the motion is timely filed.  Plaintiff did not oppose the Motion to Compel or participate

9   in the filing of the Joint Statement Regarding Discovery Disputes ("Joint Statement") pursuant to

10  Local Rule 251.

11  **III.    DEFENDANT'S MOTION**

12         Defendant contends that Plaintiff has not responded to several of Defendant's discovery

13  requests, including Defendant's Second Set of Interrogatories Nos. 1 through 5 and Defendant's

14  Second Set of Requests for Production of Documents Nos. 1, 2, 4, 5, 6, 7, 14, 18, 19.[2]

15  Defendant's counsel contends that he attempted to contact Plaintiff's counsel on March 29 and 30,

16  2011 in an effort to obtain the discovery, however, these attempts were unsuccessful.  Declaration

17  of Edwin Brondo, Esq. ("Brondo Decl.") dated March 31, 2011 at ¶¶ 8 & 9 and attached Exhibits

18  A - C.  (Doc. 35).  Defendant's counsel notes however, that on March 30, 2011, he was able to

19  speak with Plaintiff's counsel and the parties agreed to enter into a stipulation in which some of

20  Plaintiff's claims would be dismissed rendering several of the discovery disputes moot.  Brondo

21  Dec'l at ¶10 and attached Exhibit D.  Plaintiff also indicated that supplemental discovery

22  responses would be forthcoming.

23         However, on April 18, 2011, Defendant's counsel submitted a supplemental declaration

24  indicating that Plaintiff never signed the agreed upon stipulation, nor had he supplied the

25  supplemental information as promised.  Brondo Dec'l dated April 18, 2011 at ¶¶ 7 & 8.  (Doc.

26

27         [2] It is noted that Defendant's counsel did not include all of these requests in the first declaration he filed
    because he was operating under the assumption that a dismissal of some of the claims was forthcoming.  He did
28  however preserve the right to do so if the dismissal was not filed.  Defendant moved to compel the additional items
    in his subsequent declaration.

1    37).  Moreover, Defendant's counsel was unable to contact Plaintiff's counsel despite leaving five

2    telephone messages for him. *Id.* at ¶ 7.  As a result, Kel-Tec requests the Court order that Plaintiff

3    provide complete responses to all of the discovery requests listed above.  Moreover, Defendant

4    also requests that because Plaintiff did not sign the stipulation as agreed, Plaintiff should be

5    required to produce information and records related to all medical treatment including

6    psychological injuries and mental impairment, and not just treatment related to Plaintiff's head

7    injury.

8    **IV.    DISCUSSION**

9        F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

10            Parties may obtain discovery regarding any matter, not privileged, that is
         relevant to the claim or defense of any party, including the existence, description,
11       nature, custody, condition, and location of any books, documents, or other tangible
         things and the identity and location of persons having knowledge of any
12       discoverable matter.  For good cause, the court may order discovery of any matter
         relevant to the subject matter involved in the action.  Relevant information need
13       not be admissible at trial if the discovery appears reasonably calculated to lead to
         the discovery of admissible evidence.

14

15       "The party who resists discovery has the burden to show that discovery should not be

16   allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v.*

17   *Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna*

18   *Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

19       Fed. R. Civ. P. 33 (b) (1) (B) (2) requires that unless otherwise agreed upon, the

20   responding party must serve its answers and any objections to interrogatories within thirty days

21   after being served.  Similarly, Fed. R. Civ. P. 34(b)(2)(B) requires parties respond to a request for

22   production of documents within thirty days after being served.

23       Here, Plaintiff was served with supplemental discovery requests including a Second Set of

24   Interrogatories and a Second Set of Requests for the Production of Documents on February 24,

25   2011.  (Doc. 35-1).  Although Plaintiff's counsel responded to the requests by noting several

26   objections, he has not filed an opposition to Defendant's motion, nor has he participated in a joint

27   statement outlining why his objections are proper.  As such, the Court has reviewed Defendant's

28   discovery requests and finds that they are relevant.

1    **V.      CONCLUSION**

2        Based on the above, Defendant's Motion to Compel filed on March 31, 2011, is

3    GRANTED.  Within ten days, Plaintiff shall serve responses to Defendant's Second Set of

4    Interrogatories Nos. 1 through 5, and to Defendant's Second Set of Requests for Production of

5    Documents Nos. 1, 2, 4, 5, 6, 7, 14, 18, 19.  Moreover, Plaintiff shall provide supplemental

6    information and records relating to all medical treatment for psychological injuries and mental

7    impairments, and not just for treatment with respect to plaintiff's alleged head injuries.

8        **Failure to comply with this order may result in the imposition of sanctions including,**

9    **but not limited to, monetary sanctions, and/or the exclusion of evidence at the time of trial,**

10   **as well as dismissal of Plaintiff's case.**

11

12       IT IS SO ORDERED.

13   **Dated:   April 29, 2011**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4