1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

12  JONATHAN SORRELL,                    )   1: 09-cv-1465 AWI-GSA
                                        )
13                                       )
                Plaintiff,               )   ORDER REGARDING MR. BRONDO'S
14                                       )   REQUEST FOR TELEPHONIC
        v.                               )   APPEARANCE
15                                       )
                                        )   ORDER TO SHOW CAUSE WHY
16  KEL-TEC CNC INDUSTRIES, INC.,        )   SANCTIONS SHOULD NOT BE IMPOSED
                                        )
17                Defendant.             )
                                        )
18                                       )
                                        )
19  ─────────────────────────────────── )

20

21      On June 27, 2011, Mr. Edwin Brondo, counsel for Kel-Tec CNC Industries, Inc.,

22  (hereinafter "Kel-Tec" or "Defendant") filed a Motion for Sanctions based on Jonathan Sorrell's,

23  (hereinafter, "Plaintiff") failure to follow this Court's previous discovery orders.  (Doc. 46).  On

24  June 27, 2011, Mr. Brondo also filed a Motion to Strike Portions of Plaintiff's Expert Disclosures

25  based on Plaintiff's lack of compliance with Fed. R. Fed. P. 26.  (Doc. 46).  This Court issued a

26  minute order setting the hearing on the motions for July 29, 2011.[1]  This minute order was issued

27  ──────────────────

   [1]  Although it was not explicitly set forth in the minute order resetting the hearing, the Court reset the
28  hearing date because the noticed hearing date was not in compliance with this Court's Local Rule 251(e) requiring at
   least 14 days notice when discovery sanctions are requested.  The Court notes this was not the first time that defense

1

1   on June 28, 2011, more than one month prior to the hearing.  (Doc. 47).

2          Upon the filing of a motion, an attorney's personal appearance is presumed.  However, this

3   Court's scheduling order issued on November 13, 2009, provides the following with regard to

4   telephonic appearances :

5          Counsel or pro se parties may appear and argue non-dispositive motions by
           telephone *provided a **written request** to do so is made the Magistrate Judge's*
6          *Courtroom Clerk no later than five (5) days before the noticed hearing date.*  In the
           event that more than one party requests to appear by telephone then it shall be the
7          obligation of the moving part(ies) to arrange and originate a conference call to the
           court.
8          (Doc. 17, pg. 4 lines 6-10).

9          Last week, Mr. Brondo *called* chambers and asked if he could appear telephonically for

10  the hearing.  He was told by Courtroom Deputy, Amanda Bradley, that a telephonic appearance

11  would not be permitted in this instance.  Mr. Brondo proceeded to call chambers back numerous

12  times over the course of the week seeking a reconsideration of the personal appearance

13  requirement.  He was told repeatedly that his personal appearance at this hearing was required,

14  and that local counsel would not be permitted to appear on his behalf even if Mr. Brondo made a

15  telephonic appearance during the hearing.

16         On July 27, 2011, this court issued a minute order clarifying that the personal appearance

17  of Mr. Brondo *and* Mr. Chandler was required.  (Doc. 61). The Court issued this order in part

18  based on Mr. Brondo's actions over the past week, as well as on the fact that Mr. Chandler has

19  failed to respond to *two* prior discovery motions. (Docs. 23 and 39).  Moreover, the allegations in

20  the current motions are that Mr. Chandler has failed to comply with this Court's explicit orders

21  regarding his discovery obligations. (Doc. 46 and 47).

22         Shortly after the issuance of the minute order, Mr. Brondo called Courtroom Deputy

23  Amanda Bradley, again stating that he was "in a pickle" regarding the personal appearance

24  requirement and requesting a telephonic appearance.  He was told that he would need to file a

25  request in writing.  Mr. Brondo has filed a declaration requesting that he be able to appear via

26  telephone. (Doc. 67).  In the request, he insinuates that the first time he realized that his personal

27

28
_____

    counsel had to be advised of the Local Rules of this Court.

1  appearance was required was when the minute order was issued.  This is disingenuous at best as

2  evidenced by the number of times Mr. Brondo called chambers.

3        Defendants have filed four discovery related motions in this case containing several

4  hundred pages of exhibits. This Court has reviewed all of the motions which has consumed a

5  considerable amount of this Court's resources.  (Docs. 18, 19, 20, 34, 35, 45, 46, 50-54).   It is

6  interesting that Defendant is requesting sanctions against Mr. Chandler for failure to follow Court

7  orders when Defendant has similarly been non-compliant with the Local Rules of this Court. Doc.

8  21 (Order resetting Defendant's Motion to Compel before the undersigned which was improperly

9  noticed before Chief District Court Judge Anthony Ishii); Doc. 28 (Denial of a stipulation to

10  amend the scheduling conference order for failure to establish good cause in support of the

11  request); Doc. 36 (Order informing the parties of the requirement of a joint statement as well as

12  admonishing defense counsel that its pleadings contained no legal authority); Doc. 43 (Failure to

13  provide a proposed order in a Word or Wordperfect format so it could be signed by the Court).[2]

14        Plaintiff's counsel conduct has also been less than desirable.  Although Mr. Chandler has

15  filed oppositions in the pending motions, the pleadings filed are void of any meaningful legal

16  authority. (Docs. 48, 49, 50).   Moreover, as  noted above, Mr. Chandler did not make appearances

17  in the two prior Motions to Compel.

18        Both counsel are reminded that the Local Rules and other orders of this Court are not mere

19  suggestions but are to be strictly adhered to.  This Court is one of the busiest courts in the nation

20  and the personal appearance of attorneys who have filed pleadings is often necessary for the

21  purpose of efficiently resolving the issues presented. Furthermore, the Rules of Professional

22  Conduct dictate, and this Court expects, that when an attorney files a motion, counsel will be

23  available as needed to litigate the issues, and opposing counsel is likewise obligated to do the

24  same.

25        Despite the above, Mr. Brondo will be permitted to appear telephonically *for purposes of*

26  *this hearing only*.  The personal appearance of Mr. Chandler is still required.   However, *both*

27

28        [2] The Court is aware that in some instances, defense counsel other than Mr. Brondo was responsible for
    these deficiencies. See, Docs. 21 and 28.

3

1  counsel shall be prepared to show cause why sanctions should not be imposed on each of them for

2  their respective conduct in this case.

3

4

5

6

7      IT IS SO ORDERED.

8      **Dated:   July 28, 2011**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28