**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN SORRELL, | ) 1: 09-cv-1465 AWI-GSA |
| | ) |
| | ) ORDER REGARDING DEFENDANT'S |
| Plaintiff, | ) MOTION TO STRIKE EXPERT |
| | ) DISCLOSURES |
| v. | ) |
| | ) ORDER REGARDING DEFENDANT'S |
| | ) MOTION FOR SANCTIONS |
| KEL-TEC CNC INDUSTRIES, INC., | ) |
| | ) ORDER VACATING ORDER TO SHOW |
| Defendant. | ) CAUSE |
| | ) |
| | ) |
| | ) (Documents 45, 46, 63) |

I.      **Introduction**

On June 27, 2011, Kel-Tec CNC Industries, Inc., (hereinafter "Kel-Tec" or "Defendant")
filed a Motion for Sanctions based on Jonathan Sorrell's, (hereinafter, "Plaintiff") failure to
follow this Court's previous discovery orders. (Doc. 46). Plaintiff filed an opposition on July 15,
2011 (Docs. 49 and 50). Defendant filed a reply on July 22, 2011. (Docs. 53 and 54).

On June 27, 2011, Defendant also filed a Motion to Strike Portions of Plaintiff's Expert
Disclosures based on Plaintiff's lack of compliance with Fed. R. Fed. P. 26. (Doc. 46). On July
15, 2011, Plaintiff filed an opposition. (Doc. 48). Defendant filed a reply on July 22, 2011.
(Docs 51 & 52).

A hearing was held on July 29, 2011 regarding both motions. Stuart Chandler personally
appeared on behalf of Plaintiff. Edwin Brondo appeared via telephone and Mandy Jeffcoach
personally appeared on behalf of Defendant. The parties met and conferred and resolved all but
one of the issues via stipulation. This Court has adopted the parties stipulation filed on July 29,

1   2011. (Doc. 65 and 66).  Moreover, upon a review of the pleadings and the arguments presented at

2   the hearing, the Court GRANTS Defendant's Motion to Strike Plaintiff's expert disclosure of Mr.

3   George Kellgren.

4   **II.     Plaintiff's Disclosure of George Kellgren as a Non Retained Expert**

5           The sole issue remaining in this case is whether Plaintiff's expert disclosure of George

6   Kellgren, the owner and Chief Engineer of Kel-Tech is proper. Defendant contends that this

7   designation is deficient because the disclosure was not in compliance with Fed. R. Civ. P.

8   26(a)(2)(C) which provides as follows :

9           *Witnesses Who Do Not Provide a Written Report.*  Unless otherwise stipulated or ordered
            by the court, if the witness is not required to provide a written report, this disclosure must
10          state:

11                  (i) the subject matter on which the witness is expected to present evidence under
                    Federal Rule of Evidence 702, 203, or 705; and
12
                    (ii) a summary of the facts and opinions to which these witnesses are expected to
13                  testify.

14  Plaintiff's disclosure included the following:

15          *George Kellgren*

16          Subject Matter: Mr. Kellgren is expected to present evidence on the subject of the design
            and operation of the Kel-Tec SU rifle.  He is also expected to present evidence on the
17          subject of the explosion of the rifle being used by Mr. Sorrell and all aspects of Kel-Tec's
            investigation and analysis and the cause of the explosion.
18
            Facts and opinions: Mr. Kellgren is expected to testify to the facts of how the SU-16 was
19          designed and manufactured, in particular, the unit being used by Mr. Sorrell that exploded.
            As part of these facts, Mr. Kellgren is expected to testify about what Kel-Tec did with the
20          pieces of the exploded rifle that were returned to Kel-Tec. He is expected to testify
            regarding Kel-Tec's advertising and admonitions to users of the rifle regarding
21          ammunition to use/not use and the operation of the rifle. It is expected that he will give
            opinions regarding the design, manufacture and operation of the rifle and opinions
22          regarding why it exploded in Mr. Sorrell's face. Additional facts are expected to include
            other instances of malfunctions and/or explosions involving the SU-16 rifle unit being
23          used by Mr. Sorrell that exploded.
            (Doc. 46-1, pg. 8-9).
24

25          Defendant argues that this disclosure fails to disclose any opinions Mr. Kellgren is

26  expected to offer at trial.  Specifically, although Plaintiff alleges that Mr Kellgren will testify

27  about the "design, manufacture, and operation" of the SU-16 rifle, no information regarding what

28  Mr. Kellgren is actually expected to testify about is provided.  In fact, Defendant contends that

1   most of the subject matters identified in Plaintiff's disclosure, such as "how the SU-16 was

2   designed and manufactured"; "what Kel Tec did with the pieces of the exploded rifled that were

3   returned to Kel-Tec," and "Kel-Tec's advertising and admonitions to users of the rifle regarding

4   ammunition to use/not use the operation of the rifle" were properly the subject of fact discovery

5   which Plaintiff elected to forego.  Defendant argues that if Mr. Kellgren expects to offer opinions

6   as to why the subject rifle exploded, Rule 26 makes is incumbent upon Plaintiff to disclose what

7   that opinion is.  Defendant suggests that the reason Plaintiff has not provided more information is

8   because he did not conduct the necessary non-expert discovery.  Accordingly, Defendant contends

9   it would be improper and prejudicial to allow Plaintiff the opportunity to depose Mr. Kellgren as a

10  means of conducting fact discovery that should have been conducted several months ago as the

11  deadline for doing so as long since expired.

12      In response, Plaintiff contends that his disclosure is sufficient since he has adequately

13  advised Defendant of the subject matter of Mr. Kellgren's testimony.  Plaintiff concedes that he

14  has not yet deposed Mr. Kellgren so he is uncertain of what the testimony will be. However, he

15  asserts that Mr. Kellgren is an expert in the field and that prohibiting the deposition of this expert

16  will prejudice Plaintiff since he made a strategic decision to wait and depose Mr. Kellgren until

17  fact discovery ended.  In support of these claims, Mr. Chandler relied on a Wikipedia excerpt

18  outlining Mr. Kellgren's qualifications in court.

19      This Court is unpersuaded by Plaintiff's arguments.  First, relying on a Wikipedia

20  summary to bolster reliance on an expert's opinion is unavailing.  Moreover, expert disclosures

21  are meant to inform opposing counsel of an expert's *opinions*.  In this instance, the summary does

22  not contain opinions, but rather is a list of information that Plaintiff hopes to obtain during Mr.

23  Kellgren's deposition.  Defendant has indicated that it does not intend to call Mr. Kellgren as an

24  expert, and Plaintiff has conceded he does not know the extent of Mr. Kellgren's involvement in

25  the case.  This information should have been ascertained during the non-expert discovery period.

26  It would be improper to allow Plaintiff to use an expert disclosure as a means of obtaining fact

27  discovery that should have been completed several months ago.  Accordingly, Plaintiff's expert

28  disclosure is STRICKEN and Plaintiff shall not be permitted to depose Mr. Kellgren as an expert

3

1   witness or present his testimony at trial as an expert witness.

2   **III.     Sanctions**

3         The Court has given serious consideration to the issuance of sanctions in this matter which

4   are deserved on both sides.  It is apparent that the parties created these discovery disputes by

5   failing to have a meaningful meet and confer.  However, given the current posture of the case and

6   the ability of counsel to resolve the disputes with the Court's guidance, sanctions will not be

7   imposed at this juncture.  As such, the Order to Show Cause is VACATED.  (Doc. 63).

8   Nevertheless, counsel are forewarned that they must make every effort to work through discovery

9   disputes with *meaningful* meet and confer sessions. Moreover, it is expected that the parties will

10  strictly adhere to the Federal Rules of Civil Procedure, as well as follow this Court's orders.

11  **IV.     Conclusion**

12        Based on the above, **IT IS HEREBY ORDERED** that :

13        1) Plaintiff's expert disclosure of Mr. Kellgren is STRICKEN; and

14        2) The Order to Show Cause issued on July 28, 2011 is VACATED.

15

16

17

18        IT IS SO ORDERED.

19        **Dated:    August 2, 2011**                    _/s/ **Gary S. Austin**_
                                                          UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

4